**Lawrence HOLZMAN, Appellant,**

v.

**L. H. J. ENTERPRISES, INC.,
Appellee.**

**No. 72–1208.**

United States Court of Appeals,
Ninth Circuit.

April 5, 1973.

Rehearing Denied June 15, 1973.

Eric T. Lodge (argued), Theodore W. Graham, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for appellant.

James W. Hodges (argued), Herbert Katz, Hinchy, Katz, Witte, Wood & Anderson, Leland Featherman, San Diego, Cal., for appellee.

Before MERRILL and KILKENNY, Circuit Judges, and TAYLOR,* District Judge.

MERRILL, Circuit Judge:

In this appeal from order of a referee in bankruptcy, affirmed by the District Court, the issue is whether a nonpossessory security interest can, under California law, be taken as to after-acquired items of inventory of a retail merchant.

Appellant is trustee in bankruptcy for Pasqual Patrick Piro, Jr. On July 20, 1966, appellee sold to Piro, doing business as Boys Towne, an inventory of boys' clothing, receiving in payment a promissory note in the sum of $18,584.-55, secured by an agreement giving appellee a security interest "in all of the inventory of boys' clothing * * * and any and all additions, accessions and substitutes thereto or therefor." The security agreement was duly filed and recorded pursuant to state law. At the time petition in bankruptcy was filed, Piro had a substantial inventory of boys' clothing on hand but only a small portion of it constituted items sold by appellee on July 20, 1966. The rest had been bought by Piro subsequent to that date. The inventory on hand was sold by appellant, as trustee, with appellee's lien attaching to the proceeds. It was stipulated that $500 of that sum represented that portion of the inventory actually bought July 20, 1966. Appellee claimed that the entire proceeds were subject to his lien.

Section 9102(4), California Commercial Code, reads:

"Notwithstanding anything to the contrary in this division, no nonpossessory security interest, other than a purchase money security interest, may be given or taken in or to the inventory of a retail merchant held for sale, except in or to inventory consisting of durable goods having a unit retail value of at least five hundred dollars ($500) or motor vehicles, house trailers, trailers, semitrailers, farm and construction machinery and repair parts thereof, or aircraft."

The question is whether a lien on after-acquired inventory can qualify as a "purchase money security interest." Section 9107, California Commercial Code, defines the term:

"A security interest is a 'purchase money security interest' to the extent that it is

(a) Taken or retained by the seller of the collateral to secure all or part of its price; or

(b) Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

The referee and the District Court ruled that under these statutory provi-

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

sions appellee's lien extended to after-acquired inventory and accordingly that the entire proceeds of sale were subject to it. We affirm.

Section 9102(4) is a California departure from the Uniform Commercial Code, which was insisted upon by the state legislature. Appellant contends that this demonstrates legislative intent that pre-Commercial Code restrictions upon inventory lien should continue to apply and that nonpossessory security interests should be restricted to those which had then been recognized: chattel mortgages, conditional sales and trust receipts. As to inventory liens, law prior to the Commercial Code had expressly denied them to retail merchants. We cannot accept this construction.

If a purchase money security interest in retail inventory is to have any commercial usefulness, it must accommodate the resale of the inventory under lien. Resale of that inventory is the very reason for its purchase.

This could be accomplished by an elaborate and cumbersome arrangement whereby the resale of any item subject to lien is permitted by the lienholder, the proceeds of such resale are impounded to apply upon the note, and the lienholder then consents to use of the impounded sums for purchase of replacement items of inventory, taking a new lien on such new purchases. The floating lien on after-acquired inventory items is but a shorthand version of this arrangement. By consenting to resale of the collateral and use of the proceeds of such resale to acquire replacement items, the seller (lender) has given value to enable the purchaser (borrower) to acquire the new collateral. In effect, he has renewed his advance by releasing the proceeds of resale.

Accordingly in our view the lien on inventory items subsequently acquired as replacement for the original items subject to lien is a "purchase money security interest" under § 9107.

This does not serve to read § 9102(4) out of California's Commercial Code. Inventory liens remain strictly limited to that which was purchased, or the replacement of that which was purchased. General inventory liens or those for other than purchase obligations are still forbidden. The state requirement for giving notice of the financial arrangements serves to protect future sellers of inventory as well as general creditors.

California courts have not ruled on the issue here presented. Cases on which appellant relies deal with law prior to the Commercial Code or with instances in which notice of the financial arrangement had not properly been given. One court has, however, discussed the question in dicta which support our conclusion. Needle v. Lasco Industries, 10 Cal.App.3d 1105, 1107, 89 Cal.Rptr. 593, 595 (Ct.App. 2d Dist. 1970).

Judgment affirmed.